## Case No. 16,201.

### UNITED STATES v. ROYALL.

[3 Cranch, C. C. 618.] [1]

Circuit Court, District of Columbia. May Term, 1829.

#### INDICTMENT—COMMON BARRATRY, ETC.

An indictment, charging the defendant with being a common slanderer, or common brawler, is not sufficient. It should charge the defendant as a common scold, or common barrator, in technical language; these being the only indictable offences of that class.

The indictment in this case contained three counts: (1) The first count charged that the defendant [Ann Royall] "being an evil-disposed person, a common slanderer and disturber of the peace and happiness of her quiet and honest neighbors, on the 1st of June, 1829, and on divers days and times, as well before as afterwards, was, and yet is, a common slanderer of the good people of her neighborhood, in which she, the said Ann, resides, that is, at the county aforesaid, and on divers other days and times, as well before as afterwards, at the county aforesaid, in the open and public streets, in the city of Washington, in the county aforesaid, in the presence and hearing of divers good citizens of the said county, did falsely and maliciously slander and abuse divers good citizens of the said county, to the common nuisance of the good citizens of the United States, residing within the county aforesaid, to the evil example, &c., and against the peace and government of the United States." To this count there was a

[1] [Reported by Hon. William Cranch, Chief Judge.]

demurrer. (2) The second count charged her as a common scold. To this count she pleaded not guilty. (3) The third count commences like the first, and charges that, on the 1st of June, &c., she was, and yet is, a common brawler and sower of discord among her honest and quiet neighbors; and on the 1st of June, &c., at, &c., in the open and public streets of the city of Washington, in the county aforesaid, did annoy and disturb the good people of the United States residing in the county aforesaid, by her open and public brawling, and public slanders, to the common nuisance of the good citizens of the United States, residing within the county aforesaid, to the evil example, &c. To this count there was also a demurrer.

CRANCH, Chief Judge, delivered the opinion of the court, as follows (THRUSTON, Circuit Judge, dissenting): The first and third counts of this indictment seem to us to be clearly bad, because they want that technical description which is necessary to charge the defendant as a common scold or barratrix, which are the only indictable offences of this class. Thus, in the case of Margaret Cooper, 2 Strange, 1246, "she was indicted for being a common and turbulent brawler and sower of discord among her quiet and honest neighbors, so that she hath stirred, moved, and incited divers strifes, controversies, quarrels, and disputes amongst her majesty's liege people, contra pacem," &c. "It was moved in arrest of judgment that the charge was too general, and did not amount to being either a barrator or common scold, which are the only instances in which a general charge will be sufficient. It was likewise objected, that, if the words did amount to a description of a scold, yet it should be laid ad commune nocumentum of her neighbors; for every degree of scolding is not indictable. And the court was of opinion (absente C. J.) that the judgment ought to be arrested on both exceptions, for none of the words here used are the technical words; and it must be laid to be to the common nuisance." So, also, in the case of Rex v. Hardwicke, 1 Sid. 282, communis vicinorum suorum oppressor was adjudged bad, because the word "oppressor" was uncertain; and that in such indictments the word "barrectator" ought to be used, "which is a word of art," "and all the other judges agreed that the indictment is not good without the word 'barrector;' and their great reason was that all the precedents are so, and that 'barrectator' is a word of art in such a case; but they said that the finding him to be a common oppressor of his neighbors had been good evidence to find him guilty of barratry, and therefore they bound him to his good behavior." So in the case of Rex v. Taylor, 2 Strange, 849, "an indictment was quashed for generality, being calumniatrix et communis et turbulenta pacis perturbatrix, ac lites. rixas et pugnas movit et incitavit, et quendam Josephum Atherton, verbis, contumeliis et opprobriis abusa

fuit in domo ipsius J. A." So in Rolle, Abr. "Indictment," K.: "Defamator bonorum nominis et famæ, is not good without showing some particular matter. So defamator, vexator, et oppressor multorum hominum, common forestaller, common thief; so also common disturber of the peace of the lord the king, and that he unjustly excited and procured divers suits and discords, as well between his neighbors as between divers liege subjects of the lord the king," &c. So, also, in the case of Reg. v. Foxby, 6 Mod. 11, "judgment was arrested because it was that she was communis calumniatrix, which is not the Latin word for 'scold,' but 'rixatrix.'"

All these have been decided not to be indictable offences. Upon the authority of these cases, we think that the judgment upon the first and third counts of this indictment must be for the defendant.