## UNITED STATES *v.* MANN.

Under sect. 3177 of the Revised Statutes, authorizing any collector, deputy collector, or inspector, to enter, in the daytime, any building or place where any articles or objects subject to tax are made, produced, or kept, within his district, so far as it may be necessary for the purpose of examining said articles or objects, the United States brought suit against the cashier of a national bank, having charge of its place of business, where were kept checks drawn upon and paid by it, who refused to permit the collector of the proper district to examine said bank-checks. *Held*, that the declaration was bad in not alleging that the paid checks on the bank remaining in its possession were not duly stamped at the time they were made, signed, and issued.

ERROR to the Circuit Court of the United States for the District of Minnesota.

This is an action by the United States to recover from the defendant $500, as a forfeiture for an alleged violation of sect. 3177 of the Revised Statutes.

The complaint alleges that on the 7th of January, 1875, in the daytime, in the city of St. Paul, Minn., the defendant, Walter Mann, who was then and there the vice-president of the Merchants' National Bank of St. Paul, had the charge and superintendence of the place of business, to wit, the rooms and vaults occupied by said bank, in which said place of business were then and there kept by said bank certain articles subject to tax, to wit, certain bank-checks which had theretofore been drawn upon and paid by said bank, a more particular description whereof is to the plaintiff unknown.

That the defendant, having then and there the charge and superintendence of the said place of business of said bank in which were then and there kept the aforesaid paid bank-checks, was, by Irving Todd, who was then and there the collector of the internal revenue of the United States in and for the collection district of which the said city was then and is a part, and who had then and there entered the said place of business of said bank for the purpose of examining, as such collector, the said paid bank-checks, then and there duly requested to suffer him, the said collector, as such, to examine the paid bank-checks aforesaid, so kept by said bank then and there in its said place of business, and that the said defendant then and there refused to suffer the said collector to examine said checks, or

any one or part of the same, contrary to the statute in such case made and provided.

The defendant demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action.

The demurrer having been sustained, and judgment rendered for the defendant, the United States brought the case here.

*The Solicitor-General* for the United States.
*Mr. George L. Otis, contra.*

MR. JUSTICE CLIFFORD delivered the opinion of the court.

Authority is given to any collector, deputy-collector, or inspector of internal revenue to enter, in the daytime, any building or place within his district, where any articles or objects subject to such taxation are made, produced, or kept, so far as it may be necessary for the purpose of examining such objects or articles; and the provision is, that any owner of such building or place, or any person having the agency or superintendence of the same, who refuses to admit such officer, or suffer him to examine such articles or objects, shall for every such refusal forfeit $500.   Rev. Stat., sect. 3177.

Founded upon that provision in the act of Congress, the complaint filed in the Circuit Court alleges and charges that the defendant, having at the time mentioned the care and superintendence of the described bank and its place of business, in which certain paid bank-checks were then and there kept, refused then and there to suffer the collector of the district, who then and there entered the bank for the purpose, to examine the said paid bank-checks so kept then and there in said place of business, though thereto requested by the collector, which said refusal was then and there contrary to the form of the statute in such case made and provided.

Service was made, and the defendant appeared and demurred to the complaint.   Hearing was had, and the court sustained the demurrer, the reasons for the conclusion not being exhibited in the transcript; but the record contains a statement to the effect that the plaintiffs standing on their complaint, the court rendered judgment for the defendant.   Error was assigned by the plaintiffs, and they sued out the present writ of error.   It is now contended by the United States that the judgment was

for the wrong party ; that it should have been rendered for the plaintiffs, and not for the defendant, which is the only error assigned for the consideration of this court.

Bank-checks, drafts, or notes for the payment of money, drawn upon any bank, broker, or trust company, at sight or on demand, are subject to a tax of two cents, to be paid by the person who makes, signs, or issues the same, or for whose use or benefit the same are made, signed, or issued. 18 Stat. 310; Rev. Stat., sect. 3418. Exceptions exist to that requirement in behalf of Federal and State officers, and in behalf of county, town, and other municipal corporations, when in the strict exercise of functions belonging exclusively to their ordinary governmental or municipal capacity. Id., sect. 3420.

Cases arise where such an instrument is issued without being duly stamped ; and in such a case the provision is, that neither the instrument nor any copy thereof shall be admitted or used in evidence in any court until a legal stamp denoting the amount of the tax is affixed thereto, as prescribed by law. Instruments of the kind are required to be stamped at the time of their issue ; and the provision is, that unless a stamp or stamps of the proper amount shall be affixed to the same, and cancelled, it shall not be lawful to record the instrument, and that the record if so made shall be utterly void. Provision is also made that parties violating those regulations, by making, signing, or issuing any such instrument, document, or paper, without being duly stamped, shall for every such offence forfeit the sum of $50, and that the unstamped instrument shall be deemed invalid and of no effect. Id., sect. 3422.

Such officer may enter, in the daytime, any building or place within his district where any articles or objects subject to taxation are made, produced, or kept, so far as it may be necessary for the purpose of examining said articles or objects. Unless articles or objects of taxation are made, produced, or kept in any building belonging to another, the collector derives no authority under that act to enter the building at all ; and even then his right to enter the same is strictly limited by the words, " so far as it may be necessary for the purpose of examining such articles or objects."

Where articles or objects subject to taxation are made, pro-

duced, or kept in any building, by whomsoever owned, the provision is that the collector or other officer named may enter the same, so far as it may be necessary for the purpose of examining said articles or objects; but the act of Congress gives the officer no authority whatever to enter the building of another for any other purpose than that which the act specifically describes.

Strictly limited as the right conferred is, it is a privilege easily defined; and it is equally clear that the prohibition addressed to the owner or person in charge of the place of business is explicitly confined to the refusal to suffer the officer to enter the building where the articles or objects subject to taxation are made, produced, or kept, for the special purpose particularly set forth in the section. Owners of such a building, or persons having the agency or superintendence of the same, are forbidden to refuse to admit the collector, deputy-collector, or inspector to enter such building for the described special purpose; and the provision is, that if they do so refuse, and do not suffer the officer to examine such articles or objects, they shall for every such refusal forfeit $500.

Persons other than the owner of the building or place of business cannot be held liable to the penalty prescribed in the section, unless it be alleged and proved that he or they had at the time the agency or superintendence of the same, and that it was a building or place where articles or objects subject to taxation were made, produced, or kept, and that the person or persons accused of having violated the prohibition of the section then and there refused to allow the officer to enter the building or place of business for the described purpose, or to suffer him to examine the articles or objects subject to taxation then and there kept in said building or place of business.

Informations for offences or penalties created and defined by statute, like indictments, must follow the words of the statute; and where there is no substantial departure from that requirement, the information, like the indictment, is in general sufficient, except in cases where the statute is elliptical, or where by necessary implication other constituents are component parts of the offence. Offences created by statute as well as offences at common law consist, with rare exceptions, of more than one

ingredient; and the rule is universal, that every ingredient of which the offence is composed must be accurately and clearly expressed in the indictment or information, or the pleading will be held bad on demurrer. *United States* v. *Cook*, 17 Wall. 168; 1 Bishop, Cr. Pro. (2d ed.), sect. 81; Archb. Cr. Pl. & Ev. (18th ed.) 54.

Orders for the payment of money, including checks and drafts drawn upon any bank, banker, or trust company, are subject to a tax of two cents; and it is understood to be the opinion of the department that the exaction specified is a tax upon the instrument to be paid by the person who makes, signs, or issues the same, or the person for whose use or benefit the order or check was made, signed, or issued. 18 Stat. 310; Rev. Stat., sect. 3418.

Suppose that is so, then it may perhaps be suggested that a bank-check, though paid, if it was made, signed, and issued without being duly stamped with a stamp denoting the amount of the tax, is still an article or object subject to taxation within the meaning of the provision under consideration, unless it can be held that the tax is merged in the penalty prescribed for the violation of the requirement that the instrument shall be stamped at the time it is made, signed, and issued. Id., sect. 3421.

Such a question may arise in a subsequent case; but it is wholly unnecessary to discuss it in the case before the court, as it is not alleged in the information that the paid bank-checks therein described were not duly stamped at the time the same were made, signed, and issued, as required by the act of Congress. Instead of that, the charge in the information is to the effect that the paid bank-checks were then and there kept in the bank or place of business then and there under the charge and superintendence of the defendant; that the collector of the district then and there entered the said bank or place of business for the purpose of examining the said paid bank-checks, and that he, the collector, then and there requested the defendant to suffer him to examine the said paid bank-checks so kept by the said bank then and there in their said place of business; and that the defendant then and there refused the said request of the said collector. Matters not alleged in the information

cannot be regarded as confessed by the defendant, as the demurrer only admits what is well pleaded.

Certain bank-checks which had theretofore been drawn upon and paid by the bank, it is alleged in the information, were then and there kept in the rooms and vaults of the bank; and it is proper to say that the said checks are described in the preliminary part of the information as " articles subject to tax," but it is nowhere alleged in the information that the said paid bank-checks were not duly stamped with stamps denoting the tax to which the same were subject at the time the checks were made, signed, and issued.

Ingredients or elements not set forth in the information or other criminal accusation cannot be incorporated into the charge against the defendant after he is served with process, and it is equally clear that paid bank-checks which were duly and sufficiently stamped at the time they were made, signed, and issued are not articles or objects subject to taxation, within the meaning of the act of Congress on which the information in this case is founded; and, if so, then it follows as a necessary conclusion that the defendant might lawfully refuse to suffer the collector to examine the paid bank-checks described in the information.

Penal offences created by statute, whether to be prosecuted by indictment or information, must be accurately and clearly described in the pleadings for the recovery of the penalty; and if the offence cannot be so described without expanding the allegations beyond the mere words of the statute, then it is clear that the allegations of the accusation must be expanded to that extent, as it is universally true that no pleading in such a case can be sufficient which does not accurately and clearly allege all the ingredients of which the charge is composed, so as to bring the accused within the true intent and meaning of the statute defining the accusation.

In general, says Chief Justice Marshall, it is sufficient in a libel of information to charge the offence in the very words which direct the forfeiture; but the proposition, we think, is not universally true. If the words which describe the subject-matter of the prohibition are general, including a whole class, . . . we think the charge in the libel ought to conform to the true

sense and meaning of the words as used by the legislature. *The Mary Ann*, 8 Wheat. 380 ; *The Schooner Hoppet and Cargo* v. *United States*, 7 Cranch, 389 ; 2 Pars. Ship. & Adm. 386.

Examples of the kind where it has been held that it is not sufficient to follow the words of the statute are quite numerous, and they show that many of the exceptions are as extensively recognized and as firmly settled as any other rule of pleading in such cases. Views of a corresponding character are expressed by this court in another case, where the opinion was delivered by Mr. Justice Story. Having stated the rule that it is in general sufficient to allege the offence in the very terms of the statute, he proceeds to remark : We say in general, for there are doubtless cases where more particularity is required, either from the obvious intention of the legislature or from the known principles of law, both of which exceptional requirements are applicable in this case.

Known principles of law require greater particularity to be observed in order that all the ingredients which constitute a violation of the statutory offence may be accurately and clearly alleged ; and it is equally clear that the intention of Congress requires the same thing, as it is obvious that Congress never could have intended that paid bank-checks, duly and sufficiently stamped at the time they were made, signed, and issued, should be regarded as articles or objects subject to taxation within the meaning of the provision in the act of Congress under consideration. *Brig Caroline* v. *United States*, 7 Cranch, 496 ; *The Schooner Anne* v. *United States*, id. 570 ; Conkl. Treat. (5th ed.) 546.

Authorities other than those already referred to are not necessary to show that an information to recover a penalty created by statute must state all the material facts and circumstances which constitute the offence, so as to bring the party impleaded precisely within the provisions of the statute defining the offence ; but, should it be desired to consult other authorities, it will be found that the following fully support the propositions : 2 Colby, Cr. Law, 114 ; *People* v. *Wilbur*, 4 Park. (N. Y.) Cr. 19 ; *Steel* v. *Smith*, 1 Barn. & Ald. 95 ; Conkl. Treat. (5th ed.) 548.

Viewed in the light of these suggestions, it is clear that the

right conferred upon the officer to enter the building or place of business of another in such a case is strictly limited to a building or place of business in which articles or objects subject to taxation are, at the time of the proposed entry and examination, made, produced, or kept, and that paid bank-checks, unless it is alleged and proved that they were not duly and sufficiently stamped at the time they were made, signed, and issued, are not articles or objects subject to taxation within the meaning of the act of Congress on which the information is founded. Nothing is admitted by the demurrer except what is well pleaded in the information; and inasmuch as the only charge of the information in that regard is that paid bank-checks were then and there kept in the said building or place of business described, the court is of the opinion that the information does not set forth any legal offence against the defendant, as defined by the said act of Congress.

*Judgment affirmed.*