## In re RICHTER.

(District Court, E. D. Wisconsin.   February 26, 1900.)

1. CRIMINAL LAW—PROCEEDINGS FOR REMOVAL OF DEFENDANT TO ANOTHER DISTRICT.

On an application for a warrant for the removal of a defendant to another district, for trial on a criminal charge, the court is not restricted to questions of jurisdiction, but may inquire generally into the grounds of the charge, to ascertain the existence of probable cause.

2. SAME—SUFFICIENCY OF COMPLAINT.

A complaint on which a person is arrested for the purpose of having him removed to another district, to answer to a criminal charge, when made by a district attorney of the United States, is not insufficient because made on information and belief alone, without reference to an indictment or a statement of his means of information or grounds of belief.

3. SAME—EVIDENCE—INDICTMENT.

On an application for a warrant for the removal of a defendant to another district for trial, an indictment is presumptive evidence of probable cause, if an offense within the statute is clearly stated therein, but is not conclusive, and, if doubt is raised in any material aspect of the charge, must be supported by proof aliunde.

4. SAME—SUFFICIENCY OF INDICTMENT—MISNAMING OFFENSE.

An indictment charging embezzlement, which is a purely statutory crime, in a territory where there is no statutory offense by that name, is fatally defective, and will not afford a basis for an order for the removal of the accused to such territory for trial, although the acts charged constitute the offense of larceny under its statutes.

5. EMBEZZLEMENT—SUFFICIENCY OF INDICTMENT—VENUE.

Embezzlement is a continuing offense, which may be prosecuted in any jurisdiction where the accused may be, and where there is a continued liability, and a failure to account and pay over the money, and the fact that an officer or agent of a corporation having its office in one of the states took funds of the corporation to Alaska for investment, and failed to there invest them, or to account for them after his return, does not vest the courts of Alaska with exclusive jurisdiction to try him for embezzlement, nor is an indictment averring such facts alone sufficient to charge the offense in that jurisdiction, under the rule which requires the utmost particularity in indictments for embezzlement.

Hearing upon petition of Albert J. Richter for a writ of habeas corpus, and upon an application by the United States for a warrant for the removal of said Richter to the district of Alaska for trial upon a criminal charge.

M. C. Phillips, U. S. Dist. Atty.

Ryan, Ogden & Bottum, for defendant.

SEAMAN, District Judge.   The inquiry upon this hearing is twofold:   First, upon the writs of habeas corpus on behalf of the defendant; and, second, upon the application of the United States for a warrant for the removal of the defendant to the district of Alaska for trial.   However restricted to jurisdictional questions under the writ, it is clear that the inquiry as to the grounds for issuing the warrant of removal is not thus limited.   U. S. v. Towkes, 3 U. S. App. 247; 3 C. C. A. 394, 53 Fed. 13; Price v. McCarthy, 32 C. C. A. 162, 89 Fed. 84; In re Burkhard (opinion of Judge Dyer in this court) 33

Fed. 25. Several objections are raised on behalf of the defendant, all of which are entitled to consideration in the latter view, but I deem it material to pass upon these questions only: (1) Whether the complaint, on information, etc., was sufficient for the arrest; (2) whether the production of an indictment excludes all testimony except as to identity; and (3) whether the indictment is sufficient on its face to authorize either commitment or removal.

1. The complaint is made by the United States attorney, upon information and belief alone, and neither refers to an indictment, nor states the means of information or grounds of belief. However the general rule may be in respect of complaints so made by private persons, I doubt its application to one made by such officer in the discharge of his duty as prosecuting officer for the government, and the complaint is not deemed insufficient in that regard.

2. The questions whether the inquiry before the commissioner extends beyond the introduction of the indictment and the identity of the defendant, and whether there is sufficient proof of identity, are not jurisdictional, for determination under the writ of habeas corpus, and, on the other hand, their solution is not required to determine whether a warrant of removal should issue. I have no doubt of the authority of the district judge, on the latter application, to probe the grounds of the charge, and ascertain the existence of probable cause; and the duty is manifest to do so in this case, before entering an order to send the defendant to distant Alaska for trial. The rule applicable in such cases is well stated in the decisions of the circuit court of appeals in the Second and Third circuits, above cited, and will be adopted here whenever the circumstances call for investigation beyond the indictment. Horner Cases, 143 U. S. 207, 570, 12 Sup. Ct. 407, 522, 36 L. Ed. 126, 266, In re Luis Oteiza y Cortes, 136 U. S. 330, 10 Sup. Ct. 1031, 34 L. Ed. 464, and Stevens v. Fuller, 136 U. S. 468, 10 Sup. Ct. 94, 34 L. Ed. 461, are cited by the commissioner and in the brief of the district attorney as restricting the examination before the commissioner to the facts of indictment and identity, but I do not so understand either decision. Each of these cases arose upon habeas corpus, and discusses only the jurisdictional questions thus arising, and no rule is declared or intimated to govern the preliminary examinations for an order of removal. Undoubtedly, the indictment is presumptive of probable cause, if an offense within the statute is clearly stated, and, in that view, may be accepted in many cases as sufficient; but it is not conclusive, and, if so treated for all purposes of the examination, the just provisions in that behalf are of no practical value. In the application for removal, at least, if doubt is raised in any material aspect of the charge, the indictment must be supported by proof aliunde, and in the present case necessary ingredients to constitute the offense are so placed in doubt that no removal can be ordered without such proof.

3. The concluding question is one of vital importance, and not free from difficulty, namely, whether the indictment states an offense either triable in the district court of Alaska or exclusively within that jurisdiction, and the former question, at least, is clearly

open, in either phase of this hearing. Horner v. U. S., 143 U. S. 207, 12 Sup. Ct. 407, 36 L. Ed. 126. The indictment purports to be based upon section 1770 of the Oregon Code, which Code is by congress made the law for the government for Alaska. This section names acts which are generally the ingredients of embezzlement, but the crime is denominated "larceny." In other words, it is a statutory larceny, and no statute of Oregon is called to my attention which otherwise pronounces embezzlement a crime. The indictment in question states facts which may possibly come within the statutory description, although slightly variant in terms. The crime charged, however, in the caption and in the conclusion of the indictment, is "that the said A. J. Richter did then and there commit the crime of embezzlement." Embezzlement is purely a statutory offense, being unknown to the common law, and, with both indictment and bench warrant specifying embezzlement as the crime charged against this defendant, I am of opinion that no foundation is furnished for his arrest and removal. Assuming that an indictment may be sufficient which merely states the necessary facts, without characterizing the offense, it is nevertheless the well-settled rule that the offense must not be misrecited in the indictment. As held in Chapman v. People, 39 Mich. 357, where common-law phrases are used in an indictment, they must have common-law interpretation, and "the offense must not, at any rate, be misdescribed." In U. S. v. Royall, 3 Cranch, C. C. 618, Fed. Cas. No. 16,201, the indictment was framed alleging facts which would describe a common-law barratry, but the indictment failed to make the designation, and it was there held that the indictment was bad for want of technical description of the indictable offense. In U. S. v. Mann, 95 U. S. 580, 24 L. Ed. 531, it is stated that the rule is universal that every ingredient of which the offense is composed must be accurately and clearly expressed in the indictment or it is bad. It is also well settled that proof of embezzlement alone will not sustain an indictment for this statutory larceny, or vice versa. Com. v. Berry, 99 Mass. 428.

The indictment is furthermore insufficient in its statement of the ingredients of the offense, as the basis for an order of removal. For a charge of embezzlement the utmost particularity is required in the indictment. Moore v. U. S., 160 U. S. 268, 274, 16 Sup. Ct. 294, 40 L. Ed. 422. No ground appears for locating the embezzlement in Alaska. The corporation alleged to have been defrauded is located in West Virginia, and it is not even stated that it was engaged in business in Alaska. The petition states that the office of the company and its officers and directors are all in Chicago. If the defendant was treasurer of the company (which he denies and offers to disprove), and temporarily in Alaska with funds of the company for investment, under special circumstances only could embezzlement be there consummated by him. No such circumstances are specified in the indictment, but it alleges only the conclusion of the pleader that he there and then embezzled and converted to his own use the money of the corporation. Whether the indictment may be sufficient to sustain a conviction for larceny,

within the Oregon statute, is not the test on the question of removal; certainly not the sole test. The fact that the money of the corporation was in the hands of the defendant in Alaska, and that he failed to invest it for the benefit of the corporation or to account for it subsequently, would not alone create liability in Alaska for embezzlement; and in no view would that venue be exclusive, under the circumstances assumed, if criminal liability was there created. Embezzlement is a continuing offense, and venue exists wherever there is liability, and failure to account and pay over the money, and is not made exclusive by the original act which may constitute conversion. Com. v. Parker, 165 Mass. 526, 43 N. E. 499; State v. Bailey, 50 Ohio St. 636, 36 N. E. 233. The general principle is well settled that a man who does a criminal act in one state may be held liable for its continuing operation in another. Com. v. Macloon, 101 Mass. 1, 6. How embezzlement was consummated in Alaska is not stated, and cannot be inferred from any facts appearing. I am clearly of opinion that no ground is presented for an order of removal in this case, and the application is denied; and, the return on the writs showing no just cause for the commitment of the defendant, he is discharged from custody.