## PERARA v. UNITED STATES.†

### (Circuit Court of Appeals, Eighth Circuit.   March 4, 1915.)

### No. 3994.

1. CRIMINAL LAW  113—OFFENSES AGAINST POSTAL LAWS—VENUE OF OFFENSE—"ABSTRACT OR REMOVE"—"STEAL."

    Under Criminal Code (Act March 4, 1909, c. 321) § 195, 35 Stat. 1125 (Comp. St. 1913, § 10365), providing that whoever, being a person employed in the postal service, shall steal, abstract, or remove from a letter intrusted to him, and intended to be carried by mail, any article or thing contained therein, shall be punished as therein provided, the offense denounced is simple larceny, with all the common-law incidents of larceny, one of which is that the crime is ambulatory in its nature, and may be treated as committed or repeated in any jurisdiction into which the thief carries the article stolen; and where a postal clerk, running from a point in Louisiana to a point in Arkansas, abstracted money from a letter, he committed the offense within the eastern district of Arkansas, regardless of where the money was abstracted, if he afterwards brought it into such district with the intent and for the purpose of there appropriating it to his own use, as the words "abstract or remove" add nothing to the word "steal," which means to take the personal property of another feloniously,

---

  For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

† Rehearing denied May 17, 1915.

or to take and carry it off clandestinely, and without right or law, since there could be no stealing of the contents of a letter without first ab-. stracting or removing such contents from the letter.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 190, 232; Dec. Dig. ⊜═113.

For other definitions, see Words and Phrases, First and Second Series, Steal.]

2. CRIMINAL LAW ⊜═778—INSTRUCTIONS—FAILURE TO PRODUCE EVIDENCE.

On the trial of a railway postal clerk for abstracting money from a letter, where it appeared that such money at the end of his run was found in an envelope addressed to his wife, and there was conflicting testimony as to whether the envelope was addressed in his handwriting, an instruction that no expert evidence had been introduced in behalf of accused to show that the address was not in his handwriting, and that his failure to introduce such evidence was a circumstance which might be considered in determining what the true facts were, and justified a presumption that experts would not have testified that it was not in his handwriting, so modified the instruction placing the burden on the government of proving accused guilty beyond a reasonable doubt as to justify the jury in finding accused guilty because of a failure on his part to prove himself innocent, and constituted reversible error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1846–1852, 1854–1857, 1960, 1967; Dec. Dig. ⊜═778.]

Sanborn, Circuit Judge, dissenting in part.

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Mitchell C. Perara was convicted of an offense, and he brings error. Reversed and remanded, with directions.

George W. Murphy, of Little Rock, Ark. (E. L. McHaney and S. A. Jones, both of Little Rock, Ark., on the brief), for plaintiff in error.

W. H. Rector, of Little Rock, Ark. (W. H. Martin, of Hot Springs, Ark., on the brief), for the United States.

Before SANBORN, ADAMS, and SMITH, Circuit Judges.

ADAMS, Circuit Judge. The defendant was indicted, tried, and convicted in the District Court of the United States for the Western Division of the Eastern District of Arkansas for abstracting and stealing money from a letter intrusted to him as a railway postal clerk to be carried from Winnfield, La., over his mail route, to Little Rock, Ark., on the way to its destination, at Chicago, Ill., in violation of section 195 of the Revised Criminal Code as charged in the first count of an indictment found against him. That section is in substance this:

"Whoever, being a postmaster or other person employed in any department of the postal service, shall * * * steal, abstract or remove from a letter intrusted to him * * * and intended to be carried by mail, any article or thing contained therein shall be fined not more than $500.00 or imprisoned not more than five years or both."

The indictment charged that the offense was committed in the Western division of the Eastern district of Arkansas. There were

other counts of the indictment, notably one for embezzlement of the same money, on which there was a verdict of not guilty.

The evidence tended to show that on the 30th day of March, 1913, the defendant was a railway postal clerk in sole charge of a mail car running between Winnfield, La., and Little Rock, Ark., and as such clerk received into his custody at Winnfield a sealed letter, addressed to Montgomery Ward & Co., Chicago, Ill., containing among other things a certain $5 note, for carriage over his route as far as Little Rock, Ark.; that he had this letter in his possession over his entire route, passing over some parts of the Western district of Louisiana and the Western and Eastern districts of Arkansas; that on arrival at Little Rock the letter was not found in the package prepared for Chicago, into which it would have been placed if properly handled, but that a large official envelope was there discovered in the mail, addressed in the handwriting of defendant to his wife, Mrs. M. C. Perara, at his home, 1905 Pulaski street, Little Rock, Ark., containing, among other things the $5 note in question. There was no evidence tending to show in which of the districts, through which defendant's route passed, he actually opened the letter and abstracted the money therefrom; but there was evidence, as already stated, that he had the money in his possession or under his control at Little Rock in the Eastern district of Arkansas upon his arrival there at the end of his route.

The venue of the crime is alleged in the indictment to have been in the Western division of the Eastern district of Arkansas. Defendant was convicted, and sentenced to serve a term in the penitentiary, and now seeks by this writ of error a reversal of that judgment.

[1] The chief reason assigned for a reversal is that there was no proof of the venue of the offense as laid in the indictment; in other words, that there was no proof that the offense was committed in the Eastern district of Arkansas. In view of the fact that it was impossible to locate with any certainty the particular part of his route where the defendant actually opened the letter and abstracted the money, and of the further fact that there was evidence tending to show his possession and control of the money at Little Rock in the Eastern district of Arkansas and his denial of that fact, the learned trial judge charged the jury as follows:

"Although there is no evidence here to show where the original conversion took place, as he went through three different districts, first through the district of Louisiana at Winnfield, then through the Western district of Arkansas, in Union county, and then through the Eastern district of Arkansas, which he reached at Dallas county, of which Fordyce is the county seat, and from there on he was in the Eastern district of Arkansas, and he may have made up his mind to steal the money, and he may have opened the letter and converted it, while he was in Louisiana or while he was in the Western district of Arkansas, still if you find that after he came into the Eastern district of Arkansas he retained that money for the purpose of converting it feloniously, or brought it into the Eastern district of Arkansas for the purpose of appropriating it, and when asked about it denied that he had it, then, gentlemen of the jury, the offense was committed in this district, and the defendant may be found guilty."

He also charged the jury as follows:

"In order to provide for the punishment and prevent the escape of persons who commit a crime in more than one district, when it is impossible to tell in

which district it was committed, Congress has enacted a law, which reads as follows: 'When any offense against the United States is begun in one judicial circuit (which means district) and completed in another, it shall be deemed to have been committed in either, and may be dealt with, inquired of, determined and punished in either district, in the same manner as if it had been actually and wholly committed therein.' * * * Larceny and embezzlement are continuing crimes. If a man steals or embezzles in one county or in one district, and carries the property into another county or another district, with the intention in the last-mentioned county or district to retain the stolen money or embezzled funds, then he may be tried in either county or district."

Defendant's counsel requested the court to give the converse of these propositions in the form of an instruction requested by them as follows:

"Even if you find from the evidence that the defendant did abstract or remove the money from the letter, and did steal or embezzle the same, as charged in either count of the indictment, and did thereafter bring it or have it in this judicial district, within the jurisdiction of this court, this will not warrant you in convicting him, unless you further find from the evidence, beyond a reasonable doubt, that such stealing or embezzlement occurred within this district and jurisdiction."

This the court refused to give. Defendant's counsel took due exceptions to the charge of the court above specified, and to the refusal of the court to give the instruction as requested, and this presents the important question for our determination.

Whether section 42 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1100 [Comp. St. 1913, § 1024]), to which the learned judge referred, affords in itself authority or justification for the propositions of law announced by him is doubtful; but whether it does or not is quite unnecessary now to decide. In effect the court told the jury that even if the defendant may have opened the letter and abstracted the money in Louisiana or the Western district of Arkansas, if he afterwards brought it into the Eastern district of Arkansas with the intent and for the purpose of there appropriating it to his own use, he was guilty of the offense charged in the indictment of stealing the money in the Eastern district of Arkansas.

Counsel for defendant contend that the offense denounced by section 195 of the Criminal Code is not simple larceny, but inasmuch as it involves the abstracting or removing of an article from a letter being carried in the mail it is a compound or mixed larceny and that the usual common-law incidents of simple larceny do not attach. But we are unable to agree to this view. Congress in denouncing the offense uses language impressed with a common law meaning: "Or shall steal," abstract or remove from a letter "anything contained therein." The employment of the words "abstract or remove" in our opinion introduces no element additional to or different from what is necessarily involved in the word "steal." Most obviously there could be no stealing of the contents of a letter without first abstracting or removing such contents from the letter.

The common and accepted meaning of the word "steal" is to take personal property of another feloniously; to take and carry it off clandestinely and without right or law. This, in our opinion, is the

meaning attributable to Congress in the legislation in question, and doubtless in consideration of the possibility of just such a state of facts as is disclosed in this case Congress intended to enact a law creating out of such facts the offense of simple larceny, carrying with it all of its common-law incidents; otherwise, it might be said that Congress enacted a very salutary law which in many cases could not be enforced. One of the common-law incidents of simple larceny is that the crime is ambulatory in its nature, and may be treated as committed or repeated in any jurisdiction into which the thief carries the article stolen. Bishop's Criminal Procedure (2d Ed.) vol. 2, § 326; State v. Williams, 147 Mo. 14, 47 S. W. 891; McCoy v. State, 123 Ga. 143, 51 S. E. 279; People v. Garcia, 25 Cal. 531; Smith v. State, 55 Ala. 59; In re Richter (D. C.) 100 Fed. 295; Commonwealth v. Rand (Mass.) 7 Metc. 475, 41 Am. Dec. 455. We think the court committed no error either in its charge to the jury complained of or in its refusal to give the instruction requested by defendant's counsel.

[2] Defendant's counsel contend that the court committed prejudicial and reversible error in its charge to the jury as follows:

"Other witnesses have been introduced here for the purpose of showing that that letter" (referring to the large official envelope) "was addressed to the defendant in his own handwriting. The defendant denies it. He says that that is not his handwriting; that he never saw that letter. But, gentlemen of the jury, no expert evidence has been introduced here on behalf of the defendant for the purpose of showing that the address on the letter was not in his handwriting, as he might have done. Such failure to introduce evidence in an important matter is a circumstance which might be taken into consideration by a jury for the purpose of determining what the true facts are. If it was not his handwriting, could not the experts have been introduced to testify to that effect? The failure to do so justifies a presumption that experts would not have so testified. But that is merely a circumstance which is to be taken into consideration by you for the purpose of determining what the facts really are."

There was conflicting testimony on the question whether the address of defendant's wife on the large official envelope, in which the money was found at Little Rock, was in the handwriting of defendant or not. This was an important and probably a crucial issue of fact in the case. The court in another part of its charge properly advised the jury that the burden of proving defendant guilty beyond a reasonable doubt rested on the government, but in dealing with this important and crucial issue of fact, to which the jury's attention was specially called, the general charge seems to us to have been so modified as to justify the jury in finding the defendant guilty because of a failure on his part to prove himself innocent. This, in our opinion, was error of the most prejudicial character.

Again, it is argued with much force that the court erred in charging the jury concerning the duties, obligations, and reliability of post office inspectors in general, some of whom were witnesses in this case; but, as the judgment must be reversed for the reason already given, we refrain from expressing any opinion on the assignment of error predicated on this charge. We have no doubt that at the next trial the court will guard against any possible error in the charge on this subject.

The judgment is reversed, and the cause remanded to the District Court, with directions to grant a new trial.

SANBORN, Circuit Judge.   While I concur in the result in this case, I am unable to assent to the view expressed in the opinion of the majority that the offense charged in the first count of the indictment is, like embezzlement or larceny, ambulatory in its nature, and that it may be proved without evidence that it was committed in the district in which its commission was charged and in which that charge was tried. In my opinion the law is that simple larceny and embezzlement are continuing offenses, and that a defendant may be convicted of either of them in any district in which he has the money after he has stolen and embezzled it; but where the offense consists, not only of simple larceny or embezzlement, but of larceny or embezzlement and another indispensable element, such as breaking an envelope, or a letter, or a house, and abstracting the money therefrom, or taking it from the person of another, no court has jurisdiction to try and convict the defendant, except that court in whose district the breaking of the envelope, the letter, or house, and the taking of the money therefrom, or the taking of the money from the other person, was committed.   The offense that the defendant did "steal, take, carry away, abstract, and remove from a letter  *  *  *  inclosed in an envelope addressed to Montgomery Ward & Co., Chicago, Ill., said envelope bearing a return card, and being mailed at Winnfield, La.," the money described, charged in the first count of the indictment, is a compound and not a simple larceny.   The taking of the money from the envelope and from the letter inclosed therein is an essential element of the offense, without proof of which a conviction could not be lawfully had.   And as this was an essential element of the offense charged, that offense was not ambulatory, and the defendant could not be lawfully convicted without proof that he abstracted or removed the money from the envelope and letter described in the indictment within the district of the court which tried his case. As there was no evidence that the defendant broke or removed the money from the described envelope or letter in that district, it was error, as it seems to me, for the court below to refuse to give the charge requested by the defendant and set forth in the opinion of the majority. Smith v. State, 55 Ala. 59, 60; Nichols v. State, 28 Tex. App. 105, 12 S. W. 500, 501.

If there is error in this view, and the breaking of the envelope and the abstracting of the money from the letter and from the envelope is not an essential element of the offense charged, and if that offense is nothing but simple larceny, it is not perceived how the defendant can be lawfully punished on a trial and conviction for that offense, since the jury has found him not guilty of the charge in the second count of the indictment of embezzlement of the same money at the same time and place charged in the first count.   It seems to me that, under the interpretation by the majority of the charge in the first count, the defendant has already been tried and acquitted by the trial on the second count of the criminal intent indispensable to a conviction of the offense charged in the first count.   Stevens v. McClaughry, 207 Fed. 18, 20, 125 C. C. A. 102, 104, 51 L. R. A. (N. S.) 390, and cases there cited.