## PERARA v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. August 28, 1916.)

No. 4627.

1. CRIMINAL LAW ⬦1180—APPEAL—LAW OF CASE.
    Contentions of accused, disposed of on a prior appeal, become the law of the case, and, having been settled adversely to him, are no ground for reversal on subsequent appeal.
    [Ed. Note.— For other cases, see Criminal Law, Cent. Dig. §§ 3002–3004; Dec. Dig. ⬦1180.]

2. CRIMINAL LAW ⬦776(2)—TRIAL—INSTRUCTIONS—CHARACTER EVIDENCE.
    A charge that evidence showing accused's good character for honesty, integrity, and morality is admissible and should be considered by the jury, and if it is of such a nature as to lead the jury to believe that it is impossible that a man of such high character would commit such a crime, and for that reason raises a reasonable doubt in the minds of the jury whether accused is guilty of the crime charged, accused is entitled to the benefit thereof, which was coupled with a further statement, pointing out that persons of high character frequently commit crimes, and that for accused to have obtained his position in the Post Office Depart-

ment, it was necessary to furnish recommendation of two reputable citizens to vouch for his integrity, is prejudicial, in effect depriving accused of all benefit of the character evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1844; Dec. Dig. ☞776(2).]

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Mitchell C. Perara was convicted of crime, and brings error. Reversed and remanded.

George W. Murphy, E. L. McHaney, and S. A. Jones, all of Little Rock, Ark., for plaintiff in error.

W. H. Martin, of Hot Springs, Ark., and W. H. Rector, of. Little Rock, Ark., for the United States.

Before SANBORN, ADAMS, and CARLAND, Circuit Judges.

ADAMS, Circuit Judge. An indictment, containing five counts, was found against Perara, plaintiff in error, in the District Court of the United States for the Western Division of the Eastern District of Arkansas. There have been two trials, and this is the second writ of error in the case. At the first trial, the court directed a verdict of not guilty on the third, fourth, and fifth counts, and submitted the case to the jury on the first and second counts only. The first charged defendant with stealing certain mail matter while acting as a railway postal clerk, and the second charged him with embezzling the same. The jury found the defendant guilty on the first and not guilty on the second count, and judgment was entered accordingly. This court, on the first writ of error, reversed the judgment for error in the charge of the court, and remanded it for another trial. Perara v. United States, 221 Fed. 213, 136 C. C. A. 623. Some other errors were assigned, but none of them sustained. At the second trial the first count only, for stealing the mail, was submitted to the jury, and the defendant was again found guilty, and now prosecutes this writ of error.

[1] The important errors now assigned and argued relate: (1) To the question of venue; and (2) to the ruling on a plea of former adjudication or double jeopardy, resulting from the acquittal of defendant on the charge of embezzlement. These questions were considered by us at the former hearing in separate opinions and on a motion for rehearing, and were adjudged adversely to the defendant. That judgment, being unreversed, became the law of the case, and cannot be the subject of further consideration. In confirmation of our former judgment, however, reference may be made to the conclusions reached and the principles stated in Morgan v. Devine, 237 U. S. 632, 35 Sup. Ct. 712, 59 L. Ed. 1153; Ebeling v. Morgan, 237 U. S. 625, 35 Sup. Ct. 710, 59 L. Ed. 1151; and Morgan v. Sylvester, 231 Fed. 886, —— C. C. A. ——, cases analogous to this and substantially presenting the questions now referred to.

[2] Defendant also assigns error to the following portion of the charge to the jury:

"The defendant has introduced evidence for the purpose of showing his good character for honesty, integrity, and morality. Such evidence is admissible and should be considered by the jury; and, if it is of such a nature as to lead the jury to believe that it is improbable that a man of such high character would commit such a crime, and for that reason it raises a reasonable doubt in your minds as to whether the defendant really is guilty of the offense as charged, he is entitled to the benefit of that doubt and your verdict should be not guilty.

"But, I want to say to you that evidence of this nature should be taken with a great deal of caution, for a man may bear the very best reputation and yet may secretly indulge in vice and crime. We often hear of cases where men of the very highest character, even ministers of the gospel, deacons of the church, and men who never fail to respond with a loud 'Amen' in the church, have been sometimes found to be secretly engaged in vice and crime, and if it is proven that they did commit the crime, the fact that they only practiced it in secret, and that so far as the public knew they were men of the highest character, would not excuse them from the consequences of their crime. Not only that, there are many crimes that can only be committed by men who bear a good reputation, such as the crime in this case. Take, for instance, the case of an employé of the Post Office Department, as this defendant was. Under the law, before he can obtain employment, he must, upon his application, get the recommendation of two reputable citizens vouching for his integrity. Otherwise, his application couldn't even be considered, and, of course, gentlemen, neither the government nor anybody else is going to employ a man in a position where he has opportunities to commit larceny, to steal or embezzle funds, if his reputation is bad. But, in other cases, take the cashier or the president of a bank, who we hear has robbed a bank of thousands and sometimes hundreds of thousands of dollars. Would they have been elected to those positions unless their character was above suspicion? When we read of a treasurer of a county running away and becoming a defaulter, there is no doubt but that every man who voted for him believed he was an honest man, and that his character was above suspicion. So that ought to be taken into consideration, whether the mere fact that, so far as the public knew, a man's character was good, for that reason, if the evidence otherwise shows that he committed the crime, it would justify or would raise such a doubt in the minds of a reasonable jury as to justify a verdict of not guilty."

The latter part of the foregoing excerpt (commencing with the words "But, I want to say to you"), contains, in our opinion, prejudicial error. By direct statement, innuendo, and suggestion it, in effect, nullified the true rule as first stated, and made good reputation of doubtful value and probably a positive disadvantage to the defendant. Because of the generally accepted proposition that one of good reputation is less likely to commit crime than one of bad reputation, it has become appropriate and common for courts to charge the jury that good reputation, if proven, is a fact to be considered by the jury, together with all the other facts and circumstances of the case in reaching the ultimate conclusion of guilt or innocence. A statement of this brief kind, without elaboration, is, in our opinion, about all that can be profitably or safely said to a jury on the subject.

For error in the charge just pointed out, the judgment must be reversed and the cause remanded to the District Court, with directions to grant a new trial.