WARREN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. April 1, 1918.)

No. 4878.

1. INDIANS ⬦35—INTRODUCTION INTO INDIAN TERRITORY—STATUTES.

Act March 1, 1895, c. 145, 28 Stat. 693, forbidding the introduction of intoxicating liquor into the Indian Territory, as limited to interstate commerce by the Oklahoma Enabling Act, is not unconstitutional, as discriminating between the states in respect of trade and commerce in intoxicating liquors.

2. CRIMINAL LAW ⬦603(2)—CONTINUANCE—DENIAL.

The denial of the motion for continuance in this case signed only by counsel and not stating facts under oath, was proper.

3. CRIMINAL LAW ⬦1151—APPEAL—CONTINUANCE—DISCRETION.

A motion for a continuance on the ground of the absence of witnesses and counsel is addressed to the sound discretion of the trial court, and its ruling is not subject to review, unless there was an abuse of discretion.

4. CRIMINAL LAW ⬦595(8)—CONTINUANCE—DENIAL.

Ordinarily evidence as to the character of the accused is not deemed of such materiality that the refusal of a continuance for the purpose of procuring testimony of such character will constitute error.

5. CRIMINAL LAW ⬦593, 596(1)—CONTINUANCE—DENIAL—ABUSE OF DISCRETION.

Where defendant had the services of able counsel throughout the trial, and was able to produce a number of character witnesses, the denial of a continuance, requested on the ground of the absence of other character witnesses and additional counsel, cannot be deemed an abuse of the court's discretion.

6. CRIMINAL LAW ⬦730(2)—TRIAL—IMPROPER REMARKS OF COUNSEL.

Where the court, when its attention was called to improper remarks of the prosecuting attorney in his opening address, fully stated to the jury that they could only consider the evidence admitted, and not statements of counsel, the remarks must be deemed to have been effectively withdrawn, though the jury were not specifically directed to disregard them.

7. CRIMINAL LAW ⬦829(18)—INSTRUCTIONS—REFUSAL OF REQUESTS.

Where the court charged that the fact accused bore a good reputation as a law-abiding citizen was not a complete defense, but that such a reputation should be considered by the jury, together with all the other evidence in the case, and if, on a consideration of all the evidence, character evidence included, there should be a reasonable doubt as to defendant's guilt, he should be acquitted, the refusal of a requested instruction that evidence of an established reputation for good character, if relevant to the issue, may alone create a reasonable doubt, was not error, being covered by the charge given, which presented the law as favorably as defendant was entitled to have it presented.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Robert K. Warren was convicted of introducing intoxicating liquor from outside of the state of Oklahoma into that part of the state which was formerly Indian Territory, in violation of Act March 1, 1895, and he brings error. Affirmed.

Frank Lee, of Muskogee, Okl. (James C. Denton, of Muskogee, Okl., on the brief), for plaintiff in error.

Paul Pinson, Sp. Asst. U. S. Atty., of Muskogee, Okl. (W. P. McGinnis, U. S. Atty., and Alvin F. Molony, Sp. Asst. U. S. Atty., both of Muskogee, Okl., on the brief), for the United States.

Before HOOK, CARLAND, and STONE, Circuit Judges.

CARLAND, Circuit Judge. [1] Plaintiff in error, hereafter called defendant, complains of a conviction and sentence for introducing intoxicating liquor from outside the state of Oklahoma into that part of the state which was formerly the Indian Territory (28 Stat. 693). It is urged that the statute under which the defendant was convicted, as limited to interstate commerce by the Oklahoma Enabling Act, is unconstitutional, because it discriminates between the states in respect of trade and commerce in intoxicating liquors. This contention was made in Joplin Mercantile Co. v. United States, 236 U. S. 531–542, 35 Sup. Ct. 291, 59 L. Ed. 705, Creekmore v. United States, 237 Fed. 743, 150 C. C. A. 497, L. R. A. 1917C, 845, and De Moss and Moore v. United States, 250 Fed. 87, but was not sustained.

[2-5] It is next urged that the court erred in overruling defendant's motions for a continuance, made November 9, and November 15, 1916. On November 9th defendant was arraigned, pleaded not guilty, and filed a motion for a continuance, which stated certain facts not under oath and was signed only by counsel. There was no error in overruling this motion. On November 15, 1916, the defendant, who was jointly indicted with one Bomford, made a second motion for a continuance, and in support thereof stated under oath certain facts, which so far as are material were as follows:

That the defendant resided at Hugo, Choctaw county, Okl., 250 miles from Chickasha, where the indictment was pending for trial, and where the motion for a continuance was made. That defendant was indicted October 7, 1916, at the term of court held at Ardmore, Okl. That since the indictment was returned he had been continuously engaged in a campaign for election as state representative to the Legislature of Oklahoma, and also in the business and trial of criminal causes in the district court of Choctaw county, Okl., in his official capacity as county attorney of said county. That said campaign closed Tuesday, November 7, 1916. That from the time the indictment was returned until said November 7th he had no time or opportunity to give attention to his defense. That defendant was arraigned at Chickasha, Okl., on November 9, 1916, for the purpose of entering his plea to the indictment, and was notified that his trial would take place on November 13th at the same place. That defendant caused to be in attendance at the place of trial the following named witnesses: Alex A. McDonald,

Judge James R. Armstrong, Judge J. M. Crook, Judge Summers Hardy and Robt. M. Connell. That defendant could prove by each of said witnesses that they had been for years well and personally acquainted with him, and knew his reputation as a law-abiding citizen, and that such reputation was good, and that each of said witnesses knew the reputation of defendant as a faithful, conscientious officer, who had been vigilant and able in the conduct of his office in bringing boot-leggers, thieves, and all other criminals to justice, and that he had held the position of county attorney for four years. That defendant's trial was postponed at the request of the United States attorney to November 14, 1916, and again postponed to November 15, 1916, on the same request. That all of the above-named witnesses, in view of the uncertainty of defendant's case coming to trial, left Chickasha for their respective homes, as also did W. E. Utterback and A. M. Works, counsel for defendant. That said witnesses were material, and defendant could not successfully proceed to trial in their absence, nor in the absence of said counsel. That Judge Calvin Jones and Charlton Barksdale, were present at the time when it was alleged the defendant was arrested with certain beer in his possession, and that they were material witnesses concerning all matters and things concerning the seizure of said beer.

The statement of the defendant as above set forth was accompanied by the affidavits of Mr. Utterback and Mr. Works, explaining why they were obliged to leave the court. Messrs. Denton & Lee, attorneys at law, presented the motion for a continuance and defended the defendant at his trial, which, with the exception of the return of the verdict, was commenced and concluded on November 15, 1916. The only material fact stated in the affidavit which it would have been competent to show on the trial was that the defendant's reputation as a law-abiding citizen was good, and, of the five witnesses whom it was claimed would testify to this fact, Hardy, McDonald, Crook, and Armstrong were present at the trial and testified as to defendant's character as a law-abiding citizen, as also did the witnesses Winchester and Wilbur. The United States introduced no evidence in rebuttal, and the defendant introduced no evidence at the trial, except as to his character.

We cannot see how the defendant was in any wise prejudiced by the denial of the motion for a continuance. The motion was addressed to the sound discretion of the trial court, and is not subject to review by us, unless there was an abuse of such discretion. Isaacs v. United States, 159 U. S. 487–489, 16 Sup. Ct. 51, 40 L. Ed. 229. Counsel for defendant rely upon the case of Younge v. United States, 223 Fed. 941, 139 C. C. A. 421; but an examination of that case demonstrates that it is not in point, as the facts shown on the motion for a continuance in that case were entirely different from the facts as shown by the record in this case. In 9 Cyc. 177, it is said:

"Evidence as to the character of the accused is usually held by the courts not to be of such materiality as to constitute error in a refusal to grant a continuance for the purpose of procuring testimony of such character."

And in Steele v. People, 45 Ill. 152, the Supreme Court of Illinois said that this rule was especially true in cases where the defendant had offered no other evidence.

The law has wisely left the granting or refusing of a continuance to the sound discretion of the trial court. That court generally has knowledge of facts which do not appear in the paper case, and thereby is enabled to throw a searchlight upon the surrounding circumstances of the case, and thus reach a conclusion in the matter in accord with justice. It does not appear that the discretion of the trial court was not wisely exercised, saying nothing about an abuse thereof. Defendant had able counsel to conduct his defense, and was not prejudiced, so far as appears, by the absence of Messrs. Utterback and Works. The case was not a complicated one, and the law and facts were simple.

[6] Complaint is made of certain remarks made to the jury by the attorney of the United States in his opening address. The court's attention was called to these remarks at the time they were made, and the court fully stated to the jury that they must only consider the evidence admitted by the court at the trial, and not the statements of counsel. The court did not in so many words withdraw the remarks of counsel from the jury, but what it said to the jury in relation thereto was equivalent in every respect to a withdrawal; in fact, it was the only way in which the remarks could be withdrawn from the jury so far as their minds were concerned.

[7] Finally, it is claimed that the trial court fell into the error condemned by the Supreme Court in the case of Edgington v. United States, 164 U. S. 361, 17 Sup. Ct. 72, 41 L. Ed. 467, and by this court in Searway v. United States, 184 Fed. 716, 107 C. C. A. 635, and Perara v. United States, 235 Fed. 515, 149 C. C. A. 61. It is contended that the error above mentioned was committed by the trial court in refusing to charge, as requested by counsel for defendant, to the effect that:

"Evidence of an established reputation for good character, if relevant to the issue, may alone create a reasonable doubt, although without it the other evidence would be convincing."

This language is taken from the Edgington Case. The language of text-writers and courts in giving their opinions is not always the proper language in which to charge a jury. Text-writers and courts speak generally, and what they say may be true as an abstract proposition of law, but wholly misleading as applied to any particular case. But there was no error in the court's refusal of the charge requested, for the reason that on its own motion it charged the jury properly, as held by all the cases cited. The court said:

"The fact that one charged with an offense has prior to the date of its alleged commission borne a good reputation as a law-abiding citizen is not a complete defense against such charge, for it is a matter of experience that persons bearing such reputation have been known, notwithstanding that, to violate the law; but such a reputation, established by the proof, should be considered by the jury in arriving at a verdict, together with all the other evidence in the case, and if, on a consideration of all the evidence, character

evidence included, there lies in the mind of the jury a reasonable doubt that the defendant is guilty as charged, then the verdict should be not guilty."

We are of the opinion that the last half of the above statement rescued the charge from what might have been error, and gave the law as favorably for the defendant as he could properly ask.

There being no error in the record, the judgment below is affirmed.