BOND v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. August 12, 1918.)

No. 5076.

1. CRIMINAL LAW ⬥1088(1)—APPEAL—RECORD—SUPERVISION BY TRIAL COURT.
   The trial court should exercise supervision over the record certified, by excluding matters redundant and immaterial to the presentation of the question for review.

2. CRIMINAL LAW ⬥1151—APPEAL—CONTINUANCE—DISCRETION.
   Granting or refusing a continuance rests in the sound discretion of the trial court, whose action will not be disturbed, except in a case of clear abuse of that discretion.

3. CRIMINAL LAW ⬥593—CONTINUANCE—ABSENCE OF ATTORNEY.
   That attorneys employed by defendant, who expected to be present and try his case, were unable to be present, does not alone make refusal of continuance error; defendant having counsel present to defend him.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Ben Bond was convicted of conspiring for transportation and delivery of intoxicants, in violation of Penal Code, § 238, and brings error. Affirmed.

Joe M. Adams and W. L. Chapman, both of Shawnee, Okl., for plaintiff in error.

John A. Fain, U. S. Atty., of Lawton, Okl.

Before SANBORN and CARLAND, Circuit Judges, and BOOTH, District Judge.

CARLAND, Circuit Judge. [1] In this case, a record of 429 printed pages has been presented to this court for the purpose of presenting an alleged error of the trial court in refusing to grant a continuance. The question could have been presented on a record of a dozen pages. We think the trial court ought to exercise some supervision over the record certified here, by excluding redundant and immaterial matters.

[2] It is well settled that the granting or refusing of a continuance rests in the sound discretion of the trial court, and that its action will not be disturbed by this court, except in a case of clear abuse of that discretion. Warren v. U. S., 250 Fed. 89, —— C. C. A. ——; Isaacs v. U. S., 159 U. S. 487–489, 16 Sup. Ct. 51, 40 L. Ed. 229.

[3] The offense charged against Bond was that of conspiring with employés of an express company to transport and deliver intoxicating liquor in violation of section 238, Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1136 [Comp. St. 1916, § 10408]). The affidavit in support of a continuance discloses that a firm of attorneys had been employed by the defendant, who expected to be present and try his case, and that they were unable to be present. It appears, however, that defendant did have counsel present in court to defend him, and

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

we cannot conclude, from an examination of the affidavit, that the trial court erred in refusing a continuance, saying nothing about an abuse of its discretion.

The judgment below should be affirmed; and it is so ordered.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes