ROWE v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. October 30, 1899.)

No. 1,124.

CRIMINAL LAW—EVIDENCE OF GOOD CHARACTER—WEIGHT AND EFFECT.
Evidence of the good character of a defendant is to be considered by the jury in all cases, in connection with all the other evidence, in determining his guilt or innocence of the crime with which he is charged, and an instruction that such evidence can only be considered in case the other evidence leaves the question of guilt or innocence in doubt is erroneous.

In Error to the Circuit Court of the United States for the Western District of Arkansas.

Ben T. Du Val and William M. Cravens, for plaintiff in error.
F. A. Youmans, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. Cul Rowe, the plaintiff in error, was tried for murder committed in the Indian Territory, and convicted of manslaughter. At the trial evidence was introduced tending to show the bad character of the deceased and the good character of the defendant. The trial judge instructed the jury on that question as follows:

"Evidence has been given tending to show the bad character of the deceased and the good character of the accused. In cases where the facts them-

selves establish either guilt or innocence, character is not admissible, and cannot avail; but, in cases where the facts leave the case involved in doubt, good character is admissible, as tending to show who most probably began the conflict, if that point is left in doubt by the evidence; or as to whether the accused, when he shot and killed the deceased, believed, and had reasonable ground to believe, that he was in danger of losing his life, or in danger of receiving great bodily harm, if that point is left in doubt by the evidence. And the bad character of the deceased, if that is shown, is admissible as tending to show who most likely began the combat, if that point is left in doubt by the evidence, or as tending to show the nature and character and purpose of any assault he may be shown to have made. So that, if the case is left in doubt upon any of the points just suggested, evidence with reference to good and bad character may be considered by you, and given such weight as, in your judgment, under all the circumstances in the case, it is justly entitled. But if the evidence makes clear the truth of the facts, establishing either the guilt or innocence of the accused independent of the character of the parties, then you should discard the question of character, as having no bearing upon the case whatever."

Proper exception was saved to this part of the charge, and is now assigned as error. When the court told the jury that, "where the facts themselves establish either guilt or innocence, character is not admissible and cannot avail," it, in effect, withdrew from the consideration of the jury all the evidence tending to show the good character of the accused. This was clearly erroneous. Evidence of the good character of an accused may itself produce in the minds of the jury a reasonable doubt as to his guilt. In U. S. v. Babcock, 3 Dill. 581, 620, Fed. Cas. No. 14,487, Judge Dillon, in his charge to the jury, said:

"The defendant has produced an impressive array of witnesses, of the highest character, who have testified to his previous uniform and general good reputation as a man of unquestioned integrity. This is competent evidence, and the good character of the defendant in this respect is a fact to be weighed and considered by the jury, in the light of which they should view all the evidence, and determine the question of his innocence or guilt of the crime charged against him in the indictment. The above is the settled rule of the law in all criminal cases, as well in those in which direct and positive evidence is relied on as those in which the proof is circumstantial, but in cases of the latter kind the evidence of previous good character has more scope and force than in cases where the proof of the offense is positive and direct. In the language of an eminent judge, speaking upon this point: 'There may be cases so made out that no character can make them doubtful; but there may be others in which evidence given against a person without character would amount to conviction, in which a high character would produce a reasonable doubt; nay, in which character will actually outweigh evidence which might otherwise appear conclusive.' So that, we repeat, the evidence on the subject of character is a fact fit and proper, like all the other facts in the case, to be weighed and estimated by the jury, who, when forming their conclusions upon the various facts and circumstances relied on against the defendant, will inquire and determine whether a person whose character is such as the defendant's has been stated to be by the witnesses testifying on that subject has or has not committed the particular crime for which he is called upon to answer. Whart. Cr. Law (7th Ed.) §§ 643, 644."

Without referring to the numerous authorities which may be found in the books upon this subject, it is sufficient to say that the supreme court of the United States in a late case holds that a charge like that given by the trial judge in the case at bar is erroneous. Edgington v. U. S., 164 U. S. 361, 364, 17 Sup. Ct. 72, 73. In that case the trial court had charged the jury as follows:

"Some testimony has been given you touching the good character of the defendant. When a man is charged with crime, the courts of the United States permit this question of good character to be introduced to go to the jury. The theory, as I view it, is a wise one. If a man, in the community where he lives, by his incoming and outgoing among his neighbors, has built up in the years of his life, be they comparatively few or many, a character among them for good morals, which includes the uprightness and excellency of our general citizenship, it is right that the jury should know that fact. It is of value to them in conflicting cases in determining points in the case; and yet, gentlemen, I have to say to you that evidence of good character is no defense against crime actually proven. If the defendant in this case is proven guilty of crime charged, any good character borne by him in his community is no defense. It must not change your verdict; for the experience of mankind—of all of us—teaches us that men reputed to be of good moral character in a community unfortunately sometimes we find they are sadly different from that which they are reputed to be, and that they are committers of crime; yet the good character goes to the jury with special force wherever the commission of the crime is doubtful. If your mind hesitates on any point as to the guilt of this defendant, then you have the right and should consider the testimony given as to his good character, and it becomes, as I have suggested, or may be, of great importance in the minds of the jury in the matters of doubt."

The supreme court of the United States held this charge to be erroneous, and said:

"Whatever may have been said, in some of the earlier cases, to the effect that evidence of the good character of the defendant is not to be considered unless the other evidence leaves the mind in doubt, the decided weight of authority now is that good character, when considered in connection with the other evidence in the case, may generate a reasonable doubt. The circumstances may be such that an established reputation for good character, if it is relevant to the issue, would alone create a reasonable doubt, although without it the other evidence would be convincing."

If the jury are not convinced of the guilt of the defendant beyond a reasonable doubt, then it is their duty to render a verdict of not guilty, without any evidence as to his good character. The object of introducing evidence of the good character of the accused is for the purpose of raising a reasonable doubt in the minds of the jury as to whether a man who has built up such a character in the community in which he lives is likely to be guilty of the crime with which he stands charged. The circuit court erred in its charge to the jury upon this subject, and its judgment is reversed, and the cause remanded, with instructions to grant a new trial.