### SEARWAY v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. December 19, 1910.)

#### No. 3,308.

1. WITNESSES (§ 389\*)—IMPEACHMENT—INCONSISTENT STATEMENTS—FOUNDATION.

Where a witness on cross-examination was asked if he had not sworn to the contrary at the preliminary examination of accused, and testified that he did not remember, it was sufficient to authorize the admission of the prior conflicting statements, under the rule that a categorical denial by a witness is not an essential preliminary to his impeachment.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1245; Dec. Dig. § 389.\*]

2. CRIMINAL LAW (§ 377\*)—CHARACTER OF ACCUSED—RELEVANCY TO ISSUE OF GUILT OR INNOCENCE.

Evidence of the good character of accused is admissible in all criminal trials, whether the other evidence leaves the mind in doubt or not; and, when established, it becomes a fact in the case, to be considered with all other facts in determining the final issue of guilt or innocence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 840; Dec. Dig. § 377.\*]

In Error to the District Court of the United States for the District of Colorado.

Francis E. Searway was convicted of passing counterfeit coin and having other like coin in his possession with intent to defraud, and he brings error. Reversed and remanded.

Ralph Talbot, for plaintiff in error.

Ralph Hartzell, Asst. U. S. Atty. (Thomas Ward, Jr., U. S. Atty., on the brief), for the United States.

Before VAN DEVANTER and HOOK, Circuit Judges, and CARLAND, District Judge.

HOOK, Circuit Judge. At the trial of the accused for passing counterfeit coin and having other like coin in his possession with intent to defraud, a witness for the government testified to certain con-

duct at his arrest which tended to show a consciousness of guilt. When asked on cross-examination if he had not sworn to the contrary at the preliminary examination, the witness answered that he did not remember. The accused offered evidence of the prior conflicting statements; but the trial court excluded it, because the witness had made no denial. This was error. The rule is general and well settled that a categorical denial by a witness is not an essential preliminary to his impeachment. It is sufficient, his attention being properly directed, if there is forgetfulness, partial admission, or an uncertain, evasive, or indefinite answer. The important thing is the inconsistency in the statements as affecting the credit of the witness, and the preliminary inquiry is merely to give opportunity for explanation. 2 Wigmore on Ev. § 1037.

There was evidence of general reputation of the accused for good character. The court denied his request to charge the jury that such evidence might of itself create a reasonable doubt of guilt, though without it no such doubt would exist; that upon the question of guilt such evidence was to be considered with all the other facts and circumstances of the case. On the contrary, the court charged that the fact "that a defendant may bear a good reputation among his neighbors and those who know him of being a law-abiding, honest, upright citizen, is no ground on which he should be acquitted, if you find and believe from the other evidence in the case, beyond a reasonable doubt, that he committed the acts charged against him." It will be perceived that the evidence of good character was put aside and deprived of its probative force, and the question of the innocence or guilt of the accused was left to the other evidence in the case. In Edgington v. United States, 164 U. S. 361, 17 Sup. Ct. 72, 41 L. Ed. 467. the trial court charged in substance that evidence of good character could only be considered if the rest of the evidence created a doubt of guilt; but the Supreme Court said:

"Whatever may have been said in some of the earlier cases, to the effect that evidence of the good character of the defendant is not to be considered, unless the other evidence leaves the mind in doubt. the decided weight of authority now is that good character, when considered in connection with the other evidence in the case, may generate a reasonable doubt. The circumstances may be such that an established reputation for good character, if it is relevant to the issue, would alone create a reasonable doubt, although without it the other evidence would be convincing."

In Humes v. United States (decided at this term) 182 Fed. 485, Judge Adams, speaking for this court, said:

"It is now the settled law in this country that good character of a person accused of crime may be shown in all criminal trials, whether the other evidence leaves the mind in doubt or not; and when it is established it becomes a fact in the case, to be considered with all other facts in determining the final issue of guilt or innocence of the accused."

The judgment is reversed, and the cause remanded for a new trial.