## LINDE et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. April 12, 1926.)

No. 7025.

1. **Conspiracy ⇐=47—Receipt of stolen automobile for personal use, without knowledge of interstate transportation or paticipation in general plan held not to warrant conviction of conspiracy to violate National Motor Vehicle Theft Act (Comp. St. Ann. Supp. 1923, §§ 10418b–10418f).**

Receipt of stolen automobile for personal use, without knowledge of interstate transportation thereof, nor participation in general plan or conspiracy to introduce such cars from outside state for disposition and sale in state, *held* not to warrant conviction of conspiracy to violate National Motor Vehicle Theft Act (Comp. St. Ann. Supp. 1923, §§ 10418b–10418f).

2. **Conspiracy ⇐=24—Proof of unlawful agreement, as well as participation in offense which is object of conspiracy, is necessary to establish conspiracy to violate criminal statute.**

To establish conspiracy to violate criminal statute, evidence that defendants participated in substantive offense, which is object of conspiracy, is insufficient, but there must also be proof of unlawful agreement.

3. **Conspiracy ⇐=48—Each defendant is entitled to separate jury finding as to his individual connection with offense.**

Each of several defendants charged with conspiracy to violate statute is entitled to separate jury finding as to his individual connection wth offense charged.

4. **Criminal law ⇐=776(5)—Refusal of instruction that circumstances might be such that good reputation would alone create reasonable doubt, and court's charge that evidence of good character augmented presumption of innocence, and should be considered with such presumption and other facts, held not error.**

Refusal of instruction that circumstances might be such that established reputation of good character would alone create reasonable doubt, though without it evidence could be convincing, and court's charge that evidence of good character augmented presumption of innocence, and should be considered by jury, with such presumption and other facts in case, *held* not error.

**5. Criminal law ⟐—371(1)—Testimony as to other stolen cars than those named in indictment for conspiracy to violate National Motor Vehicle Theft Act held material on issue of existence of conspiracy, intent, and general course of dealing (Comp. St. Ann. Supp. 1923, §§ 10418b–10418f).**

In trial for conspiracy to violate National Motor Vehicle Theft Act (Comp. St. Ann. Supp. 1923, §§ 10418b–10418f), testimony as to other stolen cars than those specifically named in indictment *held* competent and material on issue of existence of conspiracy, defendant's intent, and general course of dealing between him and his confederates.

In Error to the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Julius E. Linde, Karl Winter, and Grant O. Brown were convicted of conspiracy to violate the National Motor Vehicle Theft Act, and they bring error. Affirmed as to defendant Winter, and reversed and remanded as to other defendants.

William G. Rice, of Deadwood, S. D. (Charles J. Buell, of Rapid City, S. D., J. S. Wishart, of Deadwood, S. D., Harry P. Atwater, of Sturgis, S. D., and Philip E. Winter, of Casper, Wyo., on the brief), for plaintiffs in error.

P. J. Tscharner, Asst. U. S. Atty., of Rapid City, S. D. (S. W. Clark, U. S. Atty., of Redfield, S. D., and E. D. Barron, Asst. U. S. Atty., of Sioux Falls, S. D., on the brief), for the United States.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and YOUMANS, District Judge.

VAN VALKENBURGH, Circuit Judge. Julius E. Linde, Karl Winter and Grant O. Brown were indicted in the district of South Dakota for having conspired together and with divers other persons to the grand jurors unknown to commit acts made an offense against the United States by the Act of Congress of October 29, 1919, commonly known as the National Motor Vehicle Theft Act (Comp. St. Ann. Supp. 1923, §§ 10418b–10418f), and all acts amendatory thereof; that is to say: "That they, the said Julius Linde, Karl Winter, and Grant O. Brown, should and would then and thereafter wrongfully, unlawfully, and feloniously receive, conceal, store, barter, sell, and dispose of, and cause to be received, concealed, stored, bartered, sold, and disposed of, certain motor vehicles which had been transported in interstate commerce to and into the state and dis-

trict of South Dakota, and within the Western division thereof, which certain motor vehicles had theretofore been stolen, and the said defendants, Julius Linde, Karl Winter, and Grant O. Brown, or one or more of them, would receive, conceal, store, barter, sell, and dispose of, and cause to be received, concealed, stored, bartered, sold, and disposed of, the said motor vehicles which had been so stolen and driven and transported in interstate commerce to and into the city of Rapid City, in the county of Pennington, in the state and district of South Dakota, and in the Western division thereof."

Thereafter in the indictment followed a detailed statement of the overt acts alleged to have been done in pursuance of and to effect the object and purpose of this conspiracy. The trial resulted in a conviction of all the defendants. Upon the defendants Linde and Brown was imposed a sentence of fine in the sum of $1,000 and imprisonment in the penitentiary at Leavenworth, Kan., for a period of two years; and upon the defendant Winter imprisonment for a period of two years, the same to run concurrently with a like term of imprisonment imposed upon this defendant under a previous conviction for a substantive offense.

The facts and circumstances involved in the conspiracy are, in large measure, set out in our opinion in cause No. 7024 (13 F.[2d] 53), decided at this term, in which the said Karl E. Winter was plaintiff in error and the United States defendant in error, reference to which is hereby made. Briefly, one William Dilger, real estate dealer at Rapid City, S. D., one Clarence Bordwell, formerly of Denver, Colo., and one Dell Willis, of Sioux City, Iowa, are shown by the record to have made an arrangement to bring stolen automobiles from the states of Iowa, Minnesota, and elsewhere, into the state of South Dakota, and more particularly to Rapid City and its vicinity, there to be received, sold, and disposed of in violation of this federal statute. The defendant Karl Winter, as shown by the evidence, was a party to this plan, and was to be one of the active agents in receiving and disposing of such stolen cars. Some others were probably connected with this unlawful confederation. Dilger, Bordwell, Willis, and one George McCoy, a garage man, had already pleaded guilty to this conspiracy charged under another indictment, and were serving sentences in the penitentiary as a result thereof. The defendant Winter had already been convicted of the substantive offense of receiving one of these cars, and that

judgment of conviction has now been affirmed by this court.

[1, 2] In this indictment Linde, Brown, and Winter alone are named. It would appear that at the time it was returned the full scope of the conspiracy was not fully known; but in the indictment others, whose names were to the grand jurors unknown, were alleged to be parties to this conspiracy. One of the main assignments of error is that the evidence was insufficient to connect these three defendants with the conspiracy, and with knowledge that the stolen cars involved were, or were to be, transported in interstate commerce. With respect to the defendants Linde and Brown we think the point is well taken. A careful consideration of the entire record convinces us that it fails to disclose any further connection with the scheme, although the existence of such a scheme and plan is abundantly established, than the receipt of a car by each of these defendants for personal use, and without proof of knowledge of the interstate character of the transaction. There are a number of circumstances which would lead to the suspicion that both Linde and Brown knew that the cars sold or traded to them were stolen cars, but it does not appear that they knew whence they came, or were to come, nor that they were parties to any general plan or conspiracy having as its object the introduction of such cars from without the state for purposes of disposition and sale. That they may have had guilty knowledge and participation rests upon suspicion only, arising from their acquaintance and association with some or all of the other conspirators; but to establish a conspiracy to violate a criminal statute the evidence must convince that the defendants did something other than participate in the substantive offense which is the object of the conspiracy. There must, in addition thereto, be proof of the unlawful agreement, and in this case, in our judgment, that proof is insufficient. United States v. Heitler et al. (D. C.) 274 F. 401; Stubbs v. United States (C. C. A. Ninth Circuit) 249 F. 571, 161 C. C. A. 497; Bell v. United States (C. C. A. Eighth Circuit) 2 F.(2d) 543.

As to these two defendants, it is therefore unnecessary to consider the other errors assigned.

As to the defendant Winter the situation is otherwise. The facts detailed in our former opinion in Winter v. United States, to which reference has been made, are in this record more expanded, and still more convincing of guilty knowledge and participation. Indeed, in the brief of plaintiffs in error this concession is made: "We believe that a careful review of the evidence disclosed by this record and the various assignments of error the judicial mind will conclude that as to the defendant Winter there was probably sufficient evidence to go to the jury under proper instructions of the court."

We therefore have recourse to the errors assigned to determine whether the judgment as to Winter may stand. It will be remembered that the indictment charged confederation between the defendants named and divers other persons to the grand jurors unknown. As has been said, the participation of other parties was shown, and that of Winter with them is likewise established. The following assignments of error remain to be considered:

[3] An exception was taken to the charge of the court in submitting separate forms of verdict for each defendant and error was assigned thereon. This assignment, however, was apparently abandoned in brief and argument. Certainly each defendant was entitled to have a finding of the jury as to his individual connection with the offense charged.

[4] The following instruction was requested on behalf of defendants: "The jury are instructed that the circumstances of a case may be such that an established reputation of good character would alone create a reasonable doubt, although without it the evidence would be convincing."

This instruction, as requested, was refused. Upon the same subject the court charged as follows: "In this case certain testimony has been introduced with reference to the good character of the defendants. You are instructed that evidence of good character proven in a case is evidence in favor of the defendants possessing it. It goes to augment the presumption of innocence which the law raises in behalf of the defendants, and it must be manifest to you, to the ordinary mind, that the man who while presumed to be innocent, and therefore presumed to have an ordinarily good character, strengthens that good character by testimony of persons residing in the vicinity in which he lives, produces such facts as should tend to strengthen the presumption of his innocence, just as if he had undertaken to produce such evidence, and had failed, if his witnesses had proven him of bad character, it would then tend to detract from the presumption of innocence which the law indulges in favor of every defendant, and so, to that extent, it is proper

and competent evidence, and is to be considered by the jury along with the presumption of innocence, and along with the other facts in the case. You are advised that the law assumes that one, who has established by his conduct in the community in which he has long resided a good character for honesty and integrity, good citizenship, and as a law-abiding citizen, is less liable to commit the offense charged than one who has not established such a reputation. You are advised that good character is competent testimony, and that you shall take it and consider it, and give it such weight as appeals to your best judgment, under your oaths as jurors, and considered in connection with all of the testimony, if you are not then satisfied beyond all reasonable doubt of the guilt of the defendants, it is your duty to acquit them. If, after taking the evidence of good character, and considering it with all of the evidence in the case, you are then satisfied beyond all reasonable doubt of the truth of the charge against the defendants, it would be your duty to convict, notwithstanding the testimony of good character."

Exceptions were preserved to the refusal of the instruction requested and to the foregoing charge of the court. Both the request and the court's charge are the same in substance as the ones asked and given in the case of Winter v. United States, in which we held that the court correctly instructed the jury on the subject of character testimony and that the submission on this point was free from error. We so hold in this case, without a repetition of the reasoning by which this conclusion is reached. Edgington v. United States, 164 U. S. 361, 17 S. Ct. 72, 41 L. Ed. 467; Allen v. United States (C. C. A. Seventh Circuit) 4 F.(2d) 688; Rowe v. United States (C. C. A. Eighth Circuit) 97 F. 779, 38 C. C. A. 496; Humes v. United States, 182 F. 485, 105 C. C. A. 158.

[5] Exceptions were preserved to the introduction of testimony respecting stolen cars, other than those specifically named in the indictment; but this testimony as to the defendant Winter was competent and material as bearing upon the existence of a conspiracy, the intent of the defendant, and the general course of dealing between him and his confederates.

Our conclusion is that as to the defendant Winter the judgment should be affirmed; that as to defendants Linde and Brown the case should be reversed and remanded for further proceedings in accordance with the views herein expressed. It is so ordered.